Colcook, J.
The grounds which I deem it necessary to consider, are, 1. Whether it was essential to the validity of the marriage settlement, that it should be recorded in the register’s office at Georgetown. '2. Whether if that were not essential, it was recorded within the time, prescribed by law ; and lastly, whether, if the marriage settlement be valid, Lesesne and his wife could convey any right to the defendant.
The act which is called the Georgetown act, was introduced to relieve the inhabitants of that town from an inconvenience result, ing from the county court act, which was of force at that time ; and which obliged all persons to record (heir deeds with the clerk of that court, who was not required-by that act to record marriage settlements; it, therefore, can only be considered as applying to di. rect conveyances of property. This further appears from the language of the act itself, which does not speak of marriage settlements ; for it will be observed that there is a uniform phraseology in all our acts which relate to marriage settlements. They are never included under any general term, but are always called marriage settlements, or marriage contracts.
Again: there are laws which require all marriage settlements to *471 be recorded with the Secretary of State, in order that as little trouble, and as great certainty as possible, as to the interest which the citizens had in the property in their possession.
As to the second ground, I am of opinion, that the marriage set. tlement is to be considered as duly recorded. It was dated on the 20th of September, 1797, and recorded on the 19th of December, 1797. Whenever an act speaks of months, it means lunar months, unless the contrary be expressed. 2'Black, p. 141. But on this point it seems to be conceded, that the defendant knew of the marriage settlement, so that, if there was any difficulty about the time of recording, he ought not to be permitted to take advantage of it; for the object of recording being to give notice to the community of the existence of these trusts, and the defendant having that knowledge, there was no necessity as to time, that the settlement should be recorded.
It was contended, that, adimtting the validity of the marriage settlement, yet Mr. Lesesne and his wife had a life estate in the ne-groes, and could, therefore, convey for that period ; that the deed ought to stand for as great an interest as the grantors possessed. But the legal estate is in the trustee, and could not be alienated except by him, unless through the interference of a court of equity. I am for these reasons against a new trial,
Nott, J.
The plaintiff in this case claims the property in ques. tion under a marriage settlement, recorded in the office of the Secretary of State, within three calendar months after its execution, but after a lap'se of three lunar months. The defendant has taken tw'o objections to this deed : 1. That it ought to have been recorded within three lunar months : and 2. That it ought to have been recorded in the office of the register of mesne conveyances of Georgetown, and not in the office of the Secretary of State. If the court should be with him on either of these points, he will be entitled to a new trial; if not, the motion must be refused.
On the first point, I entertain no doubt. Words in a statute, not of technical import, must be understood according to their common acceptation. In common parlance, “ month” means calendar month. In some of the law books, to he sure, we find it laid down that month, without any qualification, means lunar month; but the universal method of computing time in this State, is by calendar months, and the members of the legislature must be presumed to have used the word in the act, in the same manner as they would have used it on any other occasion. The deed in this case having *472 best] recorded within three calendar months, the law in that res* pect has been satisfied.
The second point, perhaps, is more doubtful. The act of the 8th of March, 1785, P. L. 357, requires that all and every marriage contract, deed, or settlement, shall he lodged in the office of the Secretary of State, to be recorded within three months after the execution thereof. By an act of February, 1791, it is enacted, “ That all deeds and other writings relative to any future conveyance, sale, or mortgage, of personal property, which shall be in the district of Georgetown at the timé of such conveyance, sale, or mortgage, and which shall be first recorded in the office of register of mesne conveyances in Georgetown, shall take a preference to any convey, anee, sale, or mortgage, not recorded in said office. The defendant now contends that marriage settlements are embraced under the words of this act, and that the plaintiff’s deed ought to have been recorded in Georgetown ; but I think otherwise. The act of 1785, specifies marriage settlements, eo nomine; and it is not to be presumed, that the legislature intended t.o repeal that act, by the general words used in the act of 1791. There is another circumstance which points to this, construction ; in the latter act, the word mortgage js specifically mentioned. A mortgage is as much a conveyance,"or sale, as a marriage settlement: and indeed more so, ’ for the'object of a marriage settlement generally is, as in this case, to Secure one’s own property ; a mortgage, therefore, would as well have been included under the general words of this- act, as a mar-ri/age settlement. The inference to he drawn then, is, that the legislature did not intend to include any kind of instruments, except those specifically mentioned. This construction is still further strengthened by the act of 1792, extending the time for recording marriage settlements, and still requiring them to be recorded in the Secretary of State’s office. I am, therefore, of opinion, that this deed was recorded in due time, and in the proper office, and that the motion ought to be refused.
Smith, J.
In contemplation of an intended marriage between Benjamin B. Harvey, and Charlotte W. Villeponteux, a deed of marriage settlement Was executed between them, on the 20th Sep. tember, 1797. By this settlement, the property in dispute in this action, consisting of certain negroes, was conveyed to Benjamin Alston, in trust for the joint benefit.of the said B. B. Harvey and Charlotte W. Villeponteux ; and, after the death of either, to the use of the survivor for life, and after the death of the survivor, to the issue of that marriage. The marriage was solemnized, and *473 they had issue, one child, and Harvey died ; Mrs. Harvey then intermarried with James Lesesne, and they jointly, by bill of sale, conveyed Cecelia and Mary, two of the negroes in question, to William Alston, the defendant. James Lesesne, by a subsequent bill of sale, conveyed to him Flora, another of the negroes in question. These were the negroes secured by the marriage Settlement deed, and they, together with their offspring, are the negroes sued for in the action. These bills of sale, Mr. Alston had proved and recorded in the office of register of mesne conveyances for Georgetown district. The marriage settlement deed never was recorded in that office, but was recorded in the Secretary of State’s office in Charleston district, within three calendar months after its execution, but not within three lunar months.
The defendant’s counsel took several grounds : — First, that this deed of marriage settlement was not recorded, as it ought to have been, and as required by the fifth section of “ An act for establishing certain regulations in Georgetown,” in the register’s office of mesne conveyances in Georgetown district; and was, therefore, void as to creditors and subsequent purchasers. This clause of the act says, “ All deeds, and other writings, relative to any future veyance, sale, or mortgage, of personal property, which shall the district of Georgetown here it is to be observed, no expression, designating a marriage contract, or marriage settle is used at all in this act; but all the other acts which relate t recording of marriage settlements, use words particularly ex sive of that sort of deed ; and it is no where denominated a con' anee or sale.
In the act of March 8th, 1785, P. L. 357, which is the first act that requires this species of deed to be recorded, it is emphatically called a marriage contract, deed or settlement; and another act, passed the same session, 47th section, directing memorials to be transmitted to the secretary’s office, appears to keep up this technical distinction, by using the following words: “that all memorials of sales and conveyances, mortgages, marriage settlements, deeds of trust,” &c. And this distinction in several other parts of the same section, seems to be carefully preserved. Also, by an act passed subsequently to the Georgetown act, in 1792, 1 Faust’s Collection, 209, this species of deed is mentioned ten times, and not mentioned once without prefixing the words marriage to it; which shows most forcibly the strong technical distinction which the legislature have constantly attached to this sort of deed, and leaves no sort of doubt on my mind that the legislature never in *474 tended to include deeds of marriage settlement in the Georgetown! act; but lefc them as before, to be recorded in the secretary’s office,, or memorials thereof registered in that office, where the originals were recorded in any clerk’s office in any county or district other , J j j than Charleston.
Defendant’s counsel also urged as an exception to this deed,.that it had not been recorded in the secretary’s office in due time, even if the law had intended it should be recorded in that office, as it had not been recorded there within three lunar months after its execution. Judge Blackstone says in his 2d volume, 141, “ a month in law is a lunar month, or twenty-eight days, unless otherwise expressed,” &c., therefore, a lease for twelve months is 'only for forty.eight weeks ; but he allows, if the words twelve months be used, it means the whole year ; and explains it by saying that space of time is generally understood to mean a whole year, when expressed in the singular number. Thus that great lawyer allows the law to recede from its usual calculation, to conform to, and adopt,'the popular meaning. Then ought we not to follow so reasonable an example ? Can we suppose that a single member of the legislature, which limited the time for recording marriage settlements, had any other months in view but calendar months 1 This class of months is well known to every body. Children not five years old can tell you that there are twelve months in the year, and tell you the names of those months. Not one man in five hundred can tell you any thing about a lunar month, unless he has read the second volume of Blackstone’s Commentaries. Our almanacks, which are in every man’s hands, give you no instructions concerning lunar months, but they tell you all about the calendar months. All our calculations, all our reckonings, all our popular divisions of time,, are solely governed by the calendar month and not the lunar. So little are lunar months attended to in our rural economy, and even in our legal proceedings, that Judge Blackstone’s lunar month is as little known, x>r as little understood as his trial by battle ; and, I believe, the latter will be as soon revived as the former. Then, I think, we are authorized by Judge Blackstone himself, to adopt the popular meaning, and say that the act means calendar months. But we are further justified in adopting this meaning from the case of 4 Dallas, 143.
The defendant’s counsel alleged that the statute of limitations would bar the plaintiff’s recovery, and that he ought to be allowed by the judge viffio presided at the trial, to give it in evidence under the general issue. It has been the coustant practice of our own *475 courts to require the statute of limitations to be pleaded, when the party would take advantage of it. Then it gives the plaintiff an opportunity to reply a new promise, or any other matter or thing that he may think fit, which will save him from the effects of thi.s statute ; otherwise, he must come constantly prepared to reply in evidence, without knowing that the statute will be relied on by de. fendant. It is also long settled by the English authorities. 4 Bacon, 484. Letter F. 2 Salk. 422. 3 Blacks. Com. 306. 5 Burr. 2630. Cro. Charles, 404. All these are concurring authorities, that the statute of limitations cannot be given in evidence. Also I Chitfy, 173, and 2 Saunders, 63. By these two authorities, it is expressly settled, that no advantage can be taken of the statute unless it be pleaded. I am, therefore, against a new trial.
Gkimke, J., concurred.